NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted November 5, 2009*
Decided November 10, 2009

Before

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 09-2215

CARSON DARNELL COMBS,
    *Plaintiff-Appellant,*

    *v.*

DENNIS PEDERSEN,
    *Defendant-Appellee.*

Appeal from the United States District Court for the Western District of Wisconsin.

No. 08-cv-482-slc

Barbara B. Crabb, *Chief Judge*.

**Order**

Carson Combs contends that Dennis Pederson, the Sheriff of Monroe County, Wisconsin, should be ordered to pay damages under 42 U.S.C. §1983 for keeping him in prison longer than Wisconsin law allowed.

On February 19, 2007, a Wisconsin court sentenced Combs to 60 days' imprisonment for failing to comply with the conditions of his probation on an earlier state conviction. He was remanded to the Sheriff's custody immediately. Toward the end of the 60 days, Combs received a letter stating that the Wisconsin Department of Corrections had terminated his probation on February 21, 2007. Combs then took the position that, as a matter of state law, a sentence for violating the conditions of probation cannot extend past the end of the probation itself. He has filed two suits based on that belief— one in state court against his probation officer (and the officer's supervisor), and this suit in federal court against the Sheriff. The state court dismissed the suit against the probation officer, concluding that the Department of Corrections lacked authority to

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

terminate his probation while Combs was in custody for a violation. That decision was summarily affirmed on appeal; Combs's request for discretionary review is pending in the Supreme Court of Wisconsin. The federal suit fared no better; the district judge granted summary judgment to the Sheriff.

Combs's appeal encounters at least two obstacles. One is issue preclusion (collateral estoppel). The state court has determined that Combs's probation was *not* terminated before the end of his 60-day sentence, and this ruling washes away the foundation for his claim under §1983. The Sheriff was not a party to the state-court proceeding but is entitled, as a matter of Wisconsin law, see 28 U.S.C. §1738, to the benefit of its ruling. (Wisconsin employs the doctrine of defensive non-mutual issue preclusion. See *Michelle T. ex rel. Sumpter v. Crozier*, 173 Wis. 2d 681, 495 N.W.2d 327 (1993).)

If Combs's pending request for review by the Supreme Court of Wisconsin makes the state judgment non-final for the purpose of a preclusion defense, the fact remains that the Sheriff did no more than implement the judgment of the state court. Someone who believes that a judicial order is invalid must petition the court for relief. A sheriff, warden, or similar custodian who carries out a judicial order that has not been stayed or reversed is not liable under §1983. See *Hernandez v. Sheahan*, 455 F.3d 772 (7th Cir. 2006).

AFFIRMED